# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL N. SMETZER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO. 1:10-CV-93 |
| LARRY R. NEWTON, JR., et al., | ) ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is an agreed motion by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 56.) As the proposed order is deficient, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, the definition of "confidential information" in the proposed order is overly broad.

To explain, the proposed order seeks to protect all "employment and personnel records" of Defendants. (Proposed Protective Order ¶ 1.) However, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Furthermore, to the extent that the proposed order seeks to seal *a party's* personnel records, the parties have not articulated why the disclosure of such information "will work a clearly defined and serious injury." *Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. Mar. 16, 2006); *see Plair v. E.J. Brach & Sons, Inc.*, No. 94 C 244, 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996) (sealing non-party employees' disciplinary records but not plaintiff's disciplinary records). Of course,"[g]eneralized claims of embarrassment do not establish good cause"; rather, "embarrassment must be substantial to rise to the level of good cause." *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 19, 2005).

In addition, the proposed order provides for the sealing of an entire document merely because it "sets forth or contains" confidential information (Proposed Protective Order ¶ 2), rather than narrowly protecting the confidential material through a method of redaction. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

Moreover, the Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the

2

public can challenge the secreting of particular documents." *Id.* Language permitting an interested member of the public to challenge the secreting of particular documents is missing from the tendered order.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id.* Nevertheless, "[o]btaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the proposed agreed protective order submitted by the parties (Docket # 56).

SO ORDERED.

Enter for this 21st day of November, 2011.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge