# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MICHAEL N. SMETZER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No: 1:10-cv-93** |
| | ) | |
| **LARRY R. NEWTON, JR.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |

## OPINION AND ORDER

Before the Court is an Amended Motion for Extension of Time for Filing Expert Reports

and Associated Deadlines filed by Plaintiff Michael Smetzer on May 15, 2012, requesting a

nearly three-month extension of the expert reports and dispositive motions deadlines in this

matter. (Docket # 68.) On May 22, 2012, a hearing was held on the motion, and oral argument

was heard and concluded.[1] (Docket # 71.) For the following reasons, Smetzer's request to

extend the deadlines will be DENIED.

### A. *Procedural Background*

Smetzer filed this 42 U.S.C. § 1983 civil rights action against Defendants on March 31,

2010. (Docket # 1.) The Court conducted a scheduling conference on May 26, 2010, setting the

following deadlines: December 31, 2010, for the completion of all discovery; August 15, 2010,

for the filing of the expert reports by Smetzer; and September 15, 2010, for the filing of expert

reports by Defendants. (Docket # 17, 21.) Not long thereafter, the Court established a January

---

[1] At the hearing, the Court GRANTED Smetzer's amended motion IN PART in that it allowed him to withdraw an untimeliness objection he had raised to Defendants' expert report (Docket # 66). Smetzer admitted that he had "inadvertently overlooked" the Court's adjusted deadlines (Docket # 62) and conceded that Defendants' expert report was indeed timely disclosed.

15, 2011, dispositive motions deadline and set the matter for a five-day jury trial on June 20, 2011. (Docket # 25.)

On August 11, 2010, the Court, per the parties' request, extended the expert reports deadline to October 14 and November 15, 2010, respectively. (Docket # 31, 32.) On December 9, 2010, the parties filed a second agreed motion for extension. (Docket # 34.) Accordingly, the Court vacated the trial date and extended discovery until June 1, 2011; the expert reports deadline to May 1 and June 1, 2011, respectively; and the dispositive motions deadline to July 1, 2011. (Docket # 35.)

At a February 10, 2011, scheduling conference, the Court reset the trial for May 7, 2012. (Docket # 37.) Soon thereafter, the parties requested another extension (Docket # 41), and the Court extended discovery to September 1, 2011; the expert reports deadline to August 1 and September 1, 2011, respectively; and the dispositive motions deadline to October 1, 2011 (Docket # 42). On August 8, 2011, the Court, again at the parties' request, extended discovery to October 1, 2011; the expert reports deadline to October 1 and November 1, 2011, respectively; and the dispositive motions deadline to December 1, 2011. (Docket # 51, 52.) The Court further postponed these deadlines on September 26, 2011, per the parties' request, extending discovery to December 30, 2011; the expert reports deadline to December 30, 2011, and February 1, 2012, respectively; and the dispositive motions deadline to March 1, 2012. (Docket # 53, 54.) Later, this time at Defendants' request, the Court extended discovery to January 30, 2012. (Docket # 58, 59.)

On January 26, 2012, the Court adjusted the deadlines once again in response to the parties' plea, extending discovery to March 23, 2012; the expert reports deadline to March 31

and May 1, 2012, respectively; and the dispositive motions deadline to June 29, 2012. (Docket # 60, 62.) The Court then set a five-day jury trial for March 11, 2013. (Docket # 63.)

Defendants timely delivered their expert report to Smetzer's counsel on May 1, 2012. Smetzer, however, objected to the report, claiming it was untimely by seventeen days; he then asked the Court for yet another extension of the deadlines. (Docket # 66.) After Defendants pointed out that their expert report was indeed timely, Smetzer filed the instant amended motion, withdrawing his objection to Defendants' expert report but renewing his request for an extension of time, seeking until June 28, 2012, to file his expert report, and until October 11, 2012, to file dispositive motions. (Docket # 68.)

### B. Applicable Legal Standard

Smetzer's motion for an extension was filed approximately six weeks *after* the March 31, 2012, deadline for his expert reports and, as such, is untimely unless, under Federal Rule of Civil Procedure 6(b)(1)(B), there has been a showing of both "good cause" and "excusable neglect." *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause,' a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1))). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 715 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

Along with good cause, Smetzer must make a showing of excusable neglect under Rule

6(b)(1)(B). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394); *see also Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (explaining that the determination of excusable neglect is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission" (quoting Pioneer, 507 U.S. at 395); *Goodman v. Clark* , No. 2:09 CV 355, 2010 WL 2838396, at *2 (N.D. Ind. July 12, 2010) (same).

## *C. Analysis*

At the hearing, Smetzer cited three reasons for missing the deadline for filing his expert report.  Ultimately, however, they are insufficient to support a finding of good cause and excusable neglect.

First, Smetzer's attorney suggests that he missed the deadline because his legal assistant had not updated his calendar with e-mail correspondence from the Court, explaining that his assistant had never signed up to receive e-mails from the Court—a matter he has now rectified. But miscalendaring a date does not necessarily constitute good cause or excusable neglect. *See Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012) (holding that a simple miscalculation of time did not constitute excusable neglect for missing a deadline); *Orthoarm, Inc. v. Am. Orthodontics Corp.*, No. 06-C-0532, 2007 WL 172612, at *4 (E.D. Wis. Jan. 18, 2007) ("[The Seventh Circuit has rejected as good cause . . . an attorney's miscalendaring of a date." (citing

*Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994))).

Furthermore, the March 31, 2012, expert report deadline was set during a telephonic hearing *in which Smetzer's attorney participated*, undercutting the persuasiveness of this explanation. (Docket # 62.).

Smetzer's second proffered reason for missing the deadline was that he had not yet received a finalized, signed report from his expert, suggesting that before finalizing the expert report he wanted to obtain a copy of the additional deposition of Dr. Coats taken on May 15, 2012. (Am. Mot. ¶¶ 6-9.) But that is a thin excuse, as Defendants were able to finalize their expert report on May 1, 2012, prior to taking Dr. Coats's additional deposition. In any event, Smetzer does not explain why Dr. Coats's additional deposition was so delayed, or why it would be important to his expert.

Even more importantly, Smetzer does not explain why, despite his diligence, he could not meet the March 31, 2012, deadline, considering that the Court had already afforded him numerous extensions that moved the original deadline back *nineteen months in all*. That is, Smezter does not explain what efforts he took to secure the expert, facilitate the process, and why he could not have obtained the report earlier. *See, e.g., Smith*, 1997 WL 662506, at *3 (declining to find good cause for an extension of the expert report deadline where plaintiff failed to demonstrate how he exercised due diligence in securing the expert and attempting to meet the expert report deadline).

Next, Smetzer cites the parties' participation in mediation as a reason for missing the expert report deadline, stating that he was hopeful the case would resolve through those efforts. Be that as it may, Smetzer "ignored or overlooked a deadline that he had virtually set for

himself." *Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995) (declining to find good cause for an extension). "[A]mong the aims of Rule 16 are to prevent parties from . . . procrastinating and to keep the case moving toward trial." *Alioto*, 2011 WL 2642369, at \*4 (internal quotation marks omitted). "Adherence to deadlines for disclosure of expert witnesses and their reports under Rule 26(a)(2) is not an exception to these principles." *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 615 (N.D. Ill. 2010).

Finally, Smetzer asserts that Defendants will not be prejudiced by affording him the requested extension, since he also proposes that the Court extend Defendants' expert report and the dispositive motions deadlines. But Defendants timely disclosed their expert report on May 1, 2012, and Smetzer's belated filing would reverse the normal order of expert disclosures, affording Smetzer—who carries the burden of proof—the opportunity to respond to and rebut Defendants' expert. Furthermore, this is not a case in which the length of the delay was minimal; Smetzer's expert report was due six weeks *before* he filed the instant motion seeking an extension. Moreover, contrary to Smetzer's suggestion, moving the dispositive motions deadline back to October 11, 2012, may well impact the trial date of March 11, 2013, which has already been reset several times. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.").

When considering these factors, together with Smetzer's proffered excuses and the numerous extensions that have already been afforded, the balance leans toward finding that Smetzer has fallen short of establishing good cause and excusable neglect for missing the March 31, 2012, expert reports deadline. "[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at \*2

6

(N.D. Ill. Feb. 24). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)). Therefore, Smezter's amended motion for an extension will be DENIED.

### D.  Conclusion

For the foregoing reasons, the balance of Plaintiff's Amended Motion for Extension of Time for Filing Expert Reports and Associated Deadlines (Docket # 68), which was granted in part on May 22, 2012, and otherwise taken under advisement (Docket # 71), is DENIED.

SO ORDERED.

Entered this 23rd day of May, 2012.

s/Roger B. Cosbey
Magistrate Judge
United States District Court

7