# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL N. SMETZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-93 |
| ) | |
| LARRY R. NEWTON, JR., ) | |
| et al., ) | |
| ) | |
| Defendants, ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Michael Smetzer brought this 42 U.S.C. § 1983 civil rights action alleging that Defendants failed to provide him adequate dental care while he was in their custody. Defendants disclosed Dr. Mark Haggenjose as their expert, and he was deposed. Smetzer did not name an initial expert, but disclosed Dr. Anthony Hornaday, D.D.S., as a rebuttal expert on June 4, 2012. As discovery has closed, Defendants are unable to depose Dr. Hornaday.

This matter is now before the Court on Smetzer's Motion for Extension of Time for Filing Rebuttal Expert Disclosures (Docket # 73) and Defendants' Motion to Strike Expert Report (Docket # 76). Oral argument on both motions was heard and concluded on June 7, 2012. (Docket # 78.) For the following reasons, Smetzer's motion for an extension of time will be deemed MOOT, and Defendants' motion to strike will be DENIED.

### II. DISCUSSION

The parties dispute whether Federal Rule of Civil Procedure 26(a)(2)(D)(ii) applies to Smetzer's disclosure of Dr. Hornaday as a rebuttal expert. This Rule provides the following:

1

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(ii).

Smetzer argues that none of the Court's scheduling orders, past or present, address a deadline for rebuttal expert disclosure and that, as such, Rule 26(a)(2)(D)(ii) applies. On the other hand, Defendants maintain that Smetzer is not permitted any expert and that allowing Smetzer to disclose Dr. Hornaday after the scheduling order has run out is not a reasonable construction of the Court's order or Rule 26(a)(2)(D) and would reverse the order of proof.

A review of the Court's past and current scheduling orders reveals that no deadline for the submission of rebuttal expert disclosures was ever set. Although Defendants rely on *Glenn Constr. Co. v. Bell Aerospace Servs., Inc.*, No. 1:09-CV-250-MEF, 2011 WL 2118750, at *2 (M.D. Ala. May 27, 2011), for the proposition that the Rule 26(a)(2)(D) exception does not apply where a court scheduling order is in place (Docket # 74 at ¶ 7), this authority is unpersuasive.

As the Court interprets the Rule—and as the case law within this Circuit indicates—when neither the Court nor the parties set a deadline for rebuttal expert reports, Rule 26(a)(2)(D)(ii) applies, requiring a plaintiff to serve any rebuttal report no later than thirty days after the defendant's expert disclosures. *See Larson v. Wis. Cent. Ltd.*, No. 10-C-446, 2012 WL 368379, at *4 (E.D. Wis. Feb. 3, 2012) (finding that since the Court made no provision for serving rebuttal reports, Rule 26(a)(2)(D)(ii)'s predecessor applied); *McAtee v. Buca Rests., Inc.*, No. 1:10-cv-1090-SEB-DKL, 2011 WL 4861867, at *1 (S.D. Ind. Oct. 13, 2011) (holding that Rule

26(a)(2)(D)(ii) applied when the parties' Case Management Plan did not provide a deadline for disclosing rebuttal expert witnesses); *City of Gary v. Shafer*, No. 2:07-CV-56-PRC, 2009 WL 1370997, at *3 (N.D. Ind. May 13, 2009); *Aircraft Gear Corp. v. Marsh*, No. 02 C 50338, 2004 WL 1899982, at *5 (N.D. Ill. Aug. 12, 2004). Thus, as no court order or stipulation addressed the rebuttal export disclosure deadline, Rule 26(a)(2)(D)(ii) applies here. Defendant's motion to strike, which primarily argues the inapplicability of this Rule, will therefore be denied.

Since Rule 26(a)(2)(D)(ii) applies here, Smetzer had thirty days after Defendants served Dr. Haggenjoses's expert report via mail on May 1, 2012 (Docket # 73 at ¶ 1) to serve any rebuttal report. Smetzer served Dr. Hornaday's expert report on June 4, 2012 (Docket # 76 at ¶ 2), which, after taking into account Rule 6(d)'s three-day mailing extension and Rule 6(a)(1)(C)'s computation rules, makes his rebuttal expert disclosure timely. Therefore, Smetzer's request for more time to file such disclosures is moot.

At the same time, although Smetzer can disclose Dr. Hornaday as a rebuttal expert, his use of Dr. Hornaday solely as a rebuttal expert depends on whether his opinion is truly rebuttal. *See Larson*, 2012 WL 368379, at *4 (noting that rebuttal report should be limited to contradicting or rebutting evidence on same subject matter identified by another party and cannot be used to advance new arguments or new evidence); *Noffsinger v. Valspar Corp.*, No. 09 C 916, 2011 WL 9795, at *6-7 (N.D. Ill. Jan 3, 2011) (limiting a rebuttal expert's opinion to his critique of defendants' experts' opinions and striking parts of the report that went beyond the scope of a proper rebuttal witness); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (finding that district court did not abuse its discretion in precluding improperly disclosed experts from testifying in plaintiff's case-in-chief, thereby

3

allowing them only to testify on rebuttal); *see generally McAtee*, 2011 WL 4861867, at *2 (noting that the proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of the opponent's evidence and that if testimony is offered only as additional support to an argument made in a party's case-in-chief, it cannot be considered rebuttal evidence (citations omitted)). To that end, the Court grants Defendants to and including August 7, 2012, to depose Dr. Hornaday. The dispositive motions deadline is extended until September 3, 2012.

### III.  CONCLUSION

For the foregoing reasons, Smetzer's motion for extension of time (Docket # 73) is deemed MOOT and Defendants' Motion to Strike Expert Reports (Docket # 76) is DENIED. Defendants are granted to and including August 7, 2012, to depose Dr. Hornaday. The dispositive motions deadline is hereby extended until September 3, 2012.

SO ORDERED.

Entered this 7th day of June, 2012.

s/Roger B. Cosbey  
Magistrate Judge  
United States District Court